UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| IRENE FERNANDEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>HOME DEPOT, U.S.A., Inc., a Delaware corporation,<br><br>              Defendant. | Case No.: SACV-13-648-DOC (RNBx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT**  [45]<br><br>Date:  July 27, 2015<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br><br>Complaint Filed:  April 24, 2013 |

**ORDER**

Before the court is Plaintiff Irene Fernandez's Motion for Preliminary Approval of Amended Class Action Settlement (the "Motion"). Having considered the Amended Settlement Agreement ("Settlement" or "Settlement Agreement"), the Motion, all accompanying declarations and exhibits thereto, and all of the legal authorities and documents submitted in support of the Motion, and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Motion for Preliminary Approval of Amended Class Action Settlement is **GRANTED**, subject to the following findings and orders:

1. The Order incorporates by reference the definitions of the Amended Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has both subject matter jurisdiction and personal jurisdiction as to this Action and all Parties before it pursuant to 28 U.S.C. §1332(d)(2)(A).

3. The terms of the Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of the Class Notice. Thus, pending the Final Approval Hearing, the Court preliminarily approves the proposed Amended Settlement Agreement.

4. Plaintiff has made a sufficient showing that a Settlement Class, as defined herein, should be certified for settlement purposes only, subject to the Final Approval Hearing. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure for the preliminary approval of the Settlement and conditional certification of the proposed Settlement Class are met.

5. The following settlement class ("Settlement Class") is hereby conditionally certified for purposes of settlement only: All persons who, between April 24, 2011 and the date of this Order, applied for employment with Home Depot

and executed the AIMS Form or the 2009 Form, regardless of the method of application (i.e. online application or in-person application) but not any persons who timely opt-out of the settlement.

6. This Court finds that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court also finds that the parties have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.

7. The Court has reviewed the Parties' proposed Settlement Agreement and finds that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed Settlement to the Settlement Class Members and the scheduling of a formal fairness hearing. The Court finds that the Parties entered into the Settlement in good faith, following arm's-length negotiations between their respective counsel.

8. The Court appoints Plaintiff Irene Fernandez as the representative of the above-described class.

9. The Court appoints Capstone Law APC as Class Counsel. The Court finds that Class Counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

10. The Court hereby approves and appoints Kurtzman Carson Consultants

("KCC") as the Settlement Administrator.

11. The Class Notice and provisions for disseminating those materials and information, described in the Amended Settlement Agreement and attached to the Supplemental Declaration of Robert K. Friedl, are consistent with Federal Rule of Civil Procedure Rule 23 and are approved. These materials (a) provide the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the action, the terms of the proposed Settlement, and of their right to exclude themselves from, or object to, the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully comply with United States law. The Settlement Administrator shall be responsible for providing notice of the proposed Settlement to the Settlement Class in accordance with the provisions of the Settlement Agreement. The Parties may, by agreement, change the notices to reflect operative hearing and opt-out dates or other presently unknown data without further approval from the Court.

12. The Court orders that, no later than 45 days after the date of this Order, the Settlement Administrator shall cause individual notice ("Class Notice"), in the form attached to the Supplemental Declaration of Robert K. Friedl, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members as set forth in the Settlement Agreement. Defendant may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting. The Settlement Administrator shall be responsible for dissemination of the Class Notice in the manner stated above, and pursuant to the terms of the Settlement Agreement. As set forth in the Settlement Agreement, Defendant shall bear all costs associated with providing class notice.

///

13. The following dates shall govern for purposes of this Settlement:

| Date | Event |
|---|---|
| August 11, 2015 (or not later than 15 days after Preliminary Approval, if later) | Last day for Defendant to produce the Class List to the Settlement Administrator. |
| September 10, 2015 (or not later than 45 days after Preliminary Approval, if later) | Last day for Settlement Administrator to mail the Class Notice to Class Members. |
| October 5, 2015 (or one week before the Last Day for Class Members to submit Request for Exclusions or Objections to the Settlement Agreement). | Last day for Plaintiff to file the Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment. |
| October 12, 2015 (or not later than 30 days after the Settlement Administrator mails the Class Notices to Class Members) | Last day for Class Members to submit Requests for Exclusion or Objections to the Settlement Agreement. |
| November 2, 2015 (or three weeks after the Last Day for Class Members to submit Requests for Exclusions or Objections to the Settlement Agreement | Last day for Plaintiff to file the Motion for Final Approval of Class Action Settlement. |
| January 11, 2016 at 8:30 a.m. | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment. |

15. The Settlement Agreement shall not be construed as an admission or evidence of either liability or the appropriateness of class certification in the non-settlement context, as more specifically set forth in the Settlement Agreement. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed settlement not be granted final approval.

16. All proceedings in the Action other than such as may be necessary to carry out the terms and conditions in the Settlement Agreement or this Order or the responsibilities related or incidental thereto are stayed and suspended until further Order of this Court.

///

**IT IS SO ORDERED**

Dated: July 16, 2015

_____
Hon. David O. Carter
United States District Judge